UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASPER FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-424 TS |
| ) | |
| KARLEEN ULFIG, ) | |
| JUDGE WILLIAM T. MEANS, ) | |
| and MARK S. LENYO, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Jasper Frazier, a *pro se* plaintiff, filed six different complaints and an *in forma pauperis* petition. Though the complaints are different, they all name the same three defendants, relate to the same core set of facts, and seek the same relief. It appears that perhaps Frazier customized two complaints for each defendant. Complicating matters further, each of the two complaints per defendant contain variations. Though confusing, and though it is the usual practice of this Court to require a plaintiff to present all of his claims in a single complaint, when taken as a whole, it is clear that Frazier does not state a claim. Therefore, it would be inefficient and unnecessarily burdensome to require him to resubmit these claims in a single complaint.

Frazier alleges that Judge William T. Means made improper rulings and determinations in his criminal case. A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Ruling in a criminal case is a judicial function. Therefore, Judge Means has judicial immunity, and the complaints against him must be dismissed with prejudice.

Frazier alleges that his Public Defender, Mark S. Lenyo, improperly handled his criminal defense. A criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981). Liability under 42 U.S.C. § 1983 requires that a defendant act under color of state law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Because Lenyo did not act under color or state law, he has no liability under 42 U.S.C. § 1983, and the complaints against him must be dismissed with prejudice.

Frazier alleges that Probation Officer Karleen Ulfig miscalculated his release date. Based on this complaint, it is reasonable to infer that he is alleging that she did so with deliberate indifference.[1] This would state a claim if he could proceed on this claim at this time. Frazier seeks release from parole and monetary compensation for the time he says he was wrongly incarcerated. Release from custody cannot be granted in a civil rights case, only in a habeas corpus case. These are civil rights lawsuits, not habeas corpus petitions. Habeas corpus claims are distinct from civil rights claims and can only proceed in a habeas corpus case. *See Heck v. Humphrey*, 512 U.S. 477, 480–82 (1994). Additionally, this Court may not convert a § 1983 civil rights case into a habeas corpus case. *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). Therefore, release from parole is not a possible remedy in this case.

Neither are monetary damages available at this time. *Heck* provides that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction or sentence has

---

[1] Proving deliberate indifference is difficult. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citation omitted).

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Here, it is clear that his conviction and sentence have not yet been overturned or set aside. As previously discussed, the conviction and sentence cannot be overturned in this case. A monetary award compensating Frazier for time spent in incarceration would undermine and imply the invalidity of his conviction or sentence. Thus, he may not proceed on this claim until the conviction or sentence have been properly overturned or set aside.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

For the foregoing reasons, the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

(1) **DISMISSES WITH PREJUDICE** the claims against Judge William T. Means and Public Defender Mark S. Lenyo; and

(2) **DISMISSES WITHOUT PREJUDICE** the claim against Probation Officer Karleen Ulfig.

SO ORDERED on September 28, 2007.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT